IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**N'ELL JONES**                                                                              **PLAINTIFF**

v.                              **CASE NO. 4:18-CV-00831 BSM**

**MARY MCGOWAN,**
**ARKANSAS ADMINISTRATIVE**
**OFFICE OF THE COURTS, and**
**STATE OF ARKANSAS**                                                         **DEFENDANTS**

## ORDER

Defendants' motions to dismiss [Doc. Nos. 17, 19] are granted. Defendants' prior motions to dismiss [Doc. Nos. 3, 6] are denied as moot. The claims against the State of Arkansas are dismissed with prejudice, and the claims against Circuit Judge Mary McGowan and the Arkansas Administrative Office of the Courts ("AAOC") are dismissed without prejudice.

## I. BACKGROUND

N'ell Jones worked for the AAOC and was supervised by McGowan. Amended Compl., Doc. No. 14, ¶¶ 4-5. She alleges McGowan violated the Americans with Disabilities Act, 42 U.S.C. section 12131(2), ("ADA") by mistreating her due to her disability. Amended Compl. ¶¶ 3, 17. Jones named the AAOC and McGowan in her initial complaint and both moved to dismiss. Doc. Nos. 1, 3, 6. Jones amended her complaint by naming the State of Arkansas as the only defendant. Amended Compl.

The AAOC and McGowan move to dismiss because they are no longer named as defendants, while the state of Arkansas moves to dismiss because Title II of the ADA does not provide a cause of action in employment discrimination cases.

## II. AAOC AND MCGOWAN

The motion to dismiss the AAOC and McGowan is granted without prejudice because the amended complaint does not name them. *See Barnes v. United States*, 111 Fed. App'x 441, 443 (8th Cir. 2004).

## III. STATE OF ARKANSAS

The State of Arkansas's motion to dismiss is granted with prejudice because Title II of the ADA does not provide a cause of action in employment discrimination.

Title II of the ADA prohibits public entities from discriminating against qualified individuals with disabilities. *See* 42 U.S.C. § 12132; *see also United States v. Georgia*, 546 U.S. 151, 159 (2006) (holding that Title II of the ADA abrogates state sovereign immunity). Jones brings claims under Title II of the ADA. Amended Compl. ¶ 3. There is a circuit split as to whether Title II gives a cause of action in employment discrimination cases. *Compare, e.g.*, *Taylor v. City of Shreveport*, 798 F.3d 276, 282 n.23, 283 (5th Cir. 2015), *with Bledsoe v. Palm Beach Cty. Soil & Water Conservation Dist.*, 133 F.3d 816, 820–25 (11th Cir. 1998). The majority view is that Title II does not provide a cause of action in employment discrimination cases; out of nine circuits to address the issue, only one found that Title II provides a cause of action for employment discrimination. *See* Response to Mot. to Dismiss

¶ 4. Although the Eighth Circuit has not weighed in on this issue, this district, as well as most districts within the Eighth Circuit, follow the majority rule. *See, e.g.*, *Singer v. Harris*, No. 4:14-CV-00408 BSM, 2016 WL 10489850 at *5 (E.D. Ark. July 13, 2016). *But see Dominguez v. City of Council Bluffs*, 974 F. Supp. 732, 736–37 (S.D. Iowa 1997).

## IV. CONCLUSION

For these reasons, defendants' motions to dismiss [Doc. Nos. 17, 19] are granted. Defendants' prior motions to dismiss [Doc. Nos. 3, 6] are denied as moot. The claims against the State of Arkansas are dismissed with prejudice and the claims against defendants McGowan and AAOC are dismissed without prejudice.

IT IS SO ORDERED this 29th day of March 2019.

_____
UNITED STATES DISTRICT JUDGE